**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 4 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARLOS GILBERT LAW, | No. 15-16102 |
| Plaintiff-Appellant, | D.C. No. 1:14-cv-01943-NJV |
| v. | |
| BLANDON; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Nandor J. Vadas, Magistrate Judge, Presiding[**]

Submitted September 26, 2017[***]

Before:    SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

California state prisoner Carlos Gilbert Law appeals pro se from the district

court's judgment in his 42 U.S.C. § 1983 action alleging constitutional claims

arising from his detention in San Francisco County Jail. We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011). We vacate and remand.

Law does not challenge the district court's grant of summary judgment on his failure-to-protect claim, and thus he has waived any challenge to summary judgment on that claim. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived.").

Law alleged that defendant Blandon "willfully and knowingly denied [Law] medical care concerning rape injuries" and that as a result of Blandon's actions, Law suffered pain and bleeding. *See Lolli v. County of Orange*, 351 F.3d 410, 418-19 (9th Cir. 2003) (pretrial detainee's claim of deliberate indifference to a serious medical need is analyzed under the Fourteenth Amendment Due Process Clause rather than under the Eighth Amendment, but same standards apply); *id.* at 419 ("A defendant is liable for denying needed medical care only if he knows of and disregards an excessive risk to inmate health[.]" (citation and internal quotation marks omitted)); *cf. Castro v. County of Los Angeles*, 833 F.3d 1060, 1067-71 (9th Cir. 2016) (en banc) (elements of Fourteenth Amendment pretrial detainee failure-to-protect claim). The district court did not address these allegations. We vacate the judgment and remand for the district court to consider them in the first instance, and to determine whether leave to amend would be

15-16102

appropriate.

The parties shall bear their own costs on appeal.

**VACATED and REMANDED.**